UNITED STATES of America, Appellee,

v.

**Duane Edward NOLDER, Appellant.**

No. 88–2648.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1989.

Decided Oct. 4, 1989.

Philip M. Moomaw, Springfield, Mo., for appellant.

Karen Skrivset, Dept. of Justice, Washington, D.C., for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Duane Edward Nolder appeals the sentence imposed by the district court under the Federal Sentencing Guidelines, promulgated pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551–3586 and 28 U.S.C. §§ 991–998. In particular, Nolder challenges the applicability of section 4B1.3, the Criminal Livelihood guideline, which provides sentence enhancement for a defendant who commits an offense "as part of a pattern of criminal conduct from which he derived a substantial portion of his income." We reverse and remand for resentencing.

I.

On August 4, 1988, Nolder pleaded guilty pursuant to a plea agreement to one count of forging a United States Treasury check in violation of 18 U.S.C. § 495, and to one count of possessing stolen mail in violation of 18 U.S.C. § 1708. The stipulated facts in the plea agreement stated that Nolder stole from a mailbox a United States Treasury check for $375.58, forged the intended recipient's name, and gave it to an accomplice, who cashed it and split the proceeds with Nolder. The facts also stated that Nolder stole from a mailbox a state welfare check for $330, which his accomplice then attempted to cash.

The plea agreement stipulated that the adjusted offense level was 10 under the applicable guideline, section 2F1.1 (Fraud and Deceit). The agreement further provided that if Nolder fully disclosed the circumstances surrounding the offenses, he would be eligible for a two-point reduction for Acceptance of Responsibility under section 3E1.1, resulting in a total offense level of 8. At this level, the guideline range of imprisonment was eighteen to twenty-four months on each count (with sentences to run concurrently). The agreement stated that neither the stipulated facts nor the calculation of the adjusted offense level was binding on the court.

The presentence report concluded that the total offense level was 11 rather than 8. Although the probation officer who compiled the report agreed that the applicable initial offense level was 10 and that Nolder was entitled to a two-point reduction for acceptance of responsibility, she enhanced the level by three points under section 4B1.3, the Criminal Livelihood guideline. Finding that Nolder had earned approximately $1,525 in the past year, including $450 from his criminal activities, the officer concluded that the monetary gain from his crimes constituted a substantial portion of his income and that the three-point enhancement was therefore appropriate. At this level, the guideline range of imprisonment was twenty-seven to thirty-three

months on each count (with sentences to run concurrently).

The district court adopted the enhanced offense level as calculated in the presentence report. The court sentenced Nolder to two concurrent thirty-month terms of imprisonment, followed by a two-year term of supervised release and a mandatory $50 assessment on each count. This appeal followed.

## II.

Nolder first challenges the constitutionality of the guidelines, arguing that they violate separation of powers principles and constitute an excessive delegation of power. The Supreme Court decision determining these issues, *Mistretta v. United States*, — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), was decided after Nolder's brief was filed. Because *Mistretta* resolved the constitutional challenges raised by Nolder in favor of the guidelines, further discussion of these issues is unnecessary. *See also United States v. Brittman*, 872 F.2d 827 (8th Cir.1989).

Nolder next argues, and the government agrees, that the Criminal Livelihood guideline does not apply to his case. We agree with the parties that the Sentencing Commission did not intend a sentence to be enhanced under this section when a defendant gains a high percentage of his income from criminal conduct, yet his total income remains below minimum wage.

The guideline at issue, section 4B1.3, provides the following:

> If the defendant committed an offense as part of a pattern of criminal conduct from which he derived a substantial portion of his income, his offense level shall not be less than 13, unless § 3E1.1 (Acceptance of Responsibility) applies, in which event his offense level shall be not less than 11.[1]

The guidelines and the Sentencing Reform Act do not define "substantial portion of his income." The legislative history states that this language was adopted from the

Dangerous Special Offender statutes, 18 U.S.C. § 3575(e)(2), and 21 U.S.C. § 849(e)(2). *See* S.Rep. No. 98–225, 98th Cong., 1st Sess. 175–76 *reprinted in* 1984 U.S.Code Cong. & Admin. News 3182, 3358–59. These statutes define "substantial source of income" as an amount which exceeds the yearly minimum wage under the Fair Labor Standards Act, 29 U.S.C. § 206(a)(1), and which exceeds half of the defendant's declared adjusted gross income. 18 U.S.C. § 3575(e); 21 U.S.C. § 849(e).

Because "substantial portion" was adopted from the Dangerous Special Offender statutes, we conclude that the definition given the original provision in those statutes should apply to the provision in the Criminal Livelihood guideline in the absence of congressional intent to the contrary. We note that the other courts that have addressed this issue have reached the same conclusion. *See United States v. Rivera*, 694 F.Supp. 1105, 1106 (S.D.N.Y. 1988); *United States v. Kerr*, 686 F.Supp. 1174, 1178 (W.D.Pa.1988). Under this definition, Nolder clearly has not earned enough to trigger the application of the Criminal Livelihood guideline. The district court found that Nolder had earned approximately $1,525 in the past year, including $450 from criminal activities. That amount falls short of the approximate yearly minimum wage of $6,700. *See* 29 U.S.C. § 206(a)(1).

We reject the government's argument that an enhancement is warranted based upon Nolder's criminal record. The determination of Nolder's Criminal History Category accounts for his criminal record.

The judgment of the district court is reversed and the case is remanded for resentencing on the record made at the time of the original sentencing.

JOHN R. GIBSON, Circuit Judge, concurring specially.

I concur with the result reached by the court today, but do so only because the

---

1. We note that, unless rejected or modified by Congress, an amendment to section 4B1.3 will go into effect on November 1, 1989, changing "from which he derived a substantial portion of his income" to "engaged in as a livelihood." *See* 54 Fed.Reg. 21,348, 21,380 (1989).

government has conceded that the Criminal Livelihood Guideline, 4B1.3 of the Sentencing Guidelines,[1] does not apply in this case and not because I agree with the court that this section applies only when the accused's earnings exceeded the annual minimum wage.

At the time of sentencing in this case, the Assistant United States Attorney, though admittedly in a difficult situation because of the plea bargain agreement already in place, announced that he had the responsibility to advance the position of the United States Parole and Probation Office. This included arguing for the three-level increase in sentence mandated by section 4B1.3 for defendants deriving a substantial portion of their income from criminal conduct. However, when the case was appealed to this court, the United States Attorney, joined by the Department of Justice, whose attorney argued the case, changed the government's position concerning the applicability of this section to agree with appellant Nolder's position. Under this interpretation of section 4B1.3, they argued that Nolder did not receive a substantial portion of his income from criminal activity because his total income was below the yearly minimum wage. This position was repeated in oral argument.

My differences with the court in this case concern its interpretation and construction of 28 U.S.C. § 994(i)(2) which states:

(i) The Commission shall assure that the guidelines specify a sentence to a substantial term of imprisonment for categories of defendants in which the defendant—

. . . .

(2) committed the offense as part of a pattern of criminal conduct from which he derived a substantial portion of his income[.]

Any determination concerning the proper scope of a statute must begin with an examination of its language. *United States v. Monsanto*, —— U.S. ——, ——, 109 S.Ct. 2657, 2661–62, 105 L.Ed.2d 512 (1989).

The text of the statute indicates that it applies to defendants who have derived a substantial *portion* of their income from criminal activity. The government argues that both this statute, and the guideline based upon it, take their meaning from the two statutes they replace, the dangerous special offender sentencing provision, 18 U.S.C. § 3575(e)(2), and the dangerous special drug offender provision, 21 U.S.C. § 849(e)(2). Those statutes defined "substantial source of his income" as an amount which exceeded both the yearly minimum wage, as set by the Fair Labor Standards Act, 29 U.S.C. § 206(a)(1), and half the defendant's adjusted gross income under the Internal Revenue Act, 26 U.S.C. § 62. 18 U.S.C. § 3575(e); 21 U.S.C. § 849(e). To accept the government's argument, it would be necessary to first stretch the phrase substantial *portion* of income to equal substantial *source* of income, and then treat the detailed definition of "substantial source" from the earlier acts as if it were codified in 28 U.S.C. § 994(i). I am not convinced that we should engage in such semantic somersaults, especially when it is contrary to the plain language of the statute.

Portion and source are simply two different words with two different meanings. *Webster's Third New International Dictionary* (1981) defines "portion" as an "individual's part or share of something" and

---

1. This guideline states:
   *Criminal Livelihood.*
   If the defendant committed an offense as part of a pattern of criminal conduct from which he derived a substantial portion of his income, his offense level shall be not less than 13, unless § 3E1.1 (Acceptance of Responsibility) applies, in which event his offense level shall be not less than 11.
   *United States Sentencing Commission Guidelines Manual* § 4B1.3, at 4.12 (1988).

In its commentary on this guideline, the Commission stated that "[s]ection 4B1.3 implements 28 U.S.C. § 994(i)(2), which directs the Commission to ensure that the guidelines specify a 'substantial term of imprisonment' for a defendant who committed an offense as part of a pattern of criminal conduct from which he derived a substantial proportion of his income." *United States Sentencing Commission Guidelines Manual* § 4B1.3 commentary at 4.13.

"source" as "point of origin or procurement." In 28 U.S.C. § 994(i)(2), Congress mandated imprisonment when the defendant derived a substantial portion of his income from criminal activity. Congress could have defined "portion of income" in the same way it did "source of income" in the earlier statutes. It did not. If the Sentencing Guidelines Commission was satisfied that portion meant source, it could have so stated in clear terms. It did not do so.[2]

"Absent a clearly expressed legislative intention to the contrary, [the] language [of a statute] must ordinarily be regarded as conclusive." *Consumer Product Safety Comm'n v. GTE Sylvania,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). The government attempts to support its concesssion in this case by using an adoption of the earlier standard in the legislative history of 28 U.S.C. § 994(i)(2). I do not so read the legislative history. The legislative history does note that a part of 28 U.S.C. § 994(i), including the section at issue here, was "derived" from the dangerous special offender provision in 18 U.S.C. § 3575(e) and the dangerous special drug offender provision in 21 U.S.C. § 849(e); however, it does not indicate that Congress intended to simply adopt the language and definitions of the earlier acts in toto. *See* S.Rep. No. 98–225, 98th Cong., 2d Sess. 176, *reprinted in* 1984 U.S.Code Cong. & Admin. News 3182, 3359. The majority in this case, as well as the two district court opinions it cites, seem ready to equate derivation with adoption. *See ante* at 142, *United States v. Rivera,* 694 F.Supp. 1105, 1106 (S.D.N.Y.1988); *United States v. Kerr,* 686 F.Supp. 1174, 1178 (W.D.Pa. 1988). I am not prepared to do so.

The position taken by the government makes abundant good sense, but it is simply not what the Commission adopted nor what Congress enacted. We should not stretch and bend the language to achieve a more rational result. I cannot conclude that the district court erred in its interpretation of the guideline. I am willing to reverse only on the basis of the concession of the United States.

---

**2.** The Sentencing Commission has now materially changed this guideline with an amendment to be effective November 1, 1989. The language that is troublesome in this case, "from which he derived a substantial portion of his income" is to be deleted and inserted in lieu thereof is the phrase "engaged in as a livelihood." The application note then defines the terms "engaged in as a livelihood" as requiring income that in a twelve-month period exceeded two thousand times the then existing hourly minimum wage under federal law, which currently would be $6,700. The Commission thus recognizes the troublesome question in this case and specifically defines this term. My quarrel with the court's opinion today is that it does for the Commission what the Commission did not do the first time around. 54 Fed.Reg. 21348, 21380 (May 17, 1989).