**UNITED STATES of America, Plaintiff,**

v.

**Robert Michael GRAHAM, Defendant.**

**No. CR 89–858 RB.**

United States District Court,
C.D. California.

Feb. 26, 1990.

ing the governing body in a professional review

Jennifer Lum, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff.

Michael S. Meza, Fountain Valley, Cal., for defendant.

### MEMORANDUM OPINION RE APPLICATION OF SENTENCING GUIDELINES

BONNER, District Judge.

The issue before the Court is whether, as applied to this defendant, the provision of the Sentencing Reform Act of 1984 [18 U.S.C. § 3553(a)(4), (b)] requiring the Court to use the guidelines in effect at time of sentencing violates the prohibition against *ex post facto* laws of the United States Constitution. [Art. I, § 9] Because the current guidelines for bank robbery call for a longer term of imprisonment than the guidelines in effect at the time the defendant committed the offenses, the application of the current guidelines, as applied to the defendant, violates the Ex Post Facto Clause. Accordingly, the Court imposes sentence pursuant to the guidelines in effect at the time the offenses were committed.

activity."

## BACKGROUND

On November 14, 1989, defendant Robert Michael Graham entered pleas of guilty to four counts of a twelve-count indictment charging him with unarmed bank robbery. Counts 2, 3, 11 and 12, to which the defendant pleaded guilty, charge the defendant with committing robberies at four different banks, in violation of 18 U.S.C. § 2113(a). Two of the robberies were committed on March 29, 1989 (Counts 2 and 3). The other two robberies occurred on April 5, 1989 (Count 11) and October 3, 1989 (Count 12).

Because all bank robberies were committed after November 1, 1987, the defendant must be sentenced under the sentencing guidelines issued pursuant to the provisions of the Sentencing Reform Act of 1984 ("the Act"), Pub.L. 98–473, 98 Stat. 1837, 1987 (1984).

The Act requires the Court to impose sentence within the range established by the sentencing guidelines "in effect on the date the defendant is sentenced."[1] 18 U.S.C. § 3553(a)(4);(b). The Court has a narrow band of discretion to depart from the guideline range, but only where it finds aggravating or mitigating factors not adequately taken into consideration by the Sentencing Commission. 18 U.S.C. § 3553(b) Absent justification for a departure, the Act mandates that a sentence be imposed which falls within the guideline range in effect at time of sentencing. *Id.*

In the case before the Court, sentencing guidelines in effect on the date of sentencing, February 20, 1990, are the Amended Sentencing Guidelines which became effective November 1, 1989.[2]

The Presentence Report indicates that, under the amended guidelines, the defendant's total offense level is 29. Since the defendant has no prior criminal record, his criminal history category is I. The guideline range is 87 to 108 months.

By comparison, the guidelines in effect when the defendant committed the four bank robberies (between March 29 and October 3, 1989) were significantly lower. Using the preamendment guidelines, the defendant's offense level is 21 and the guideline range is 37 to 46 months. In other words, the amended guidelines result in an increase in the sentencing range for the defendant of more than 100%.

## ANALYSIS

Article I, § 9 of the United States Constitution provides, in part:

"No ... ex post facto laws shall be passed" by Congress.

The Court's research has failed to unearth any case deciding whether the application of guidelines amended under the Sentencing Reform Act after the conduct constituting the offense runs afoul of the prohibition against *ex post facto* laws enacted by Congress. This case, then, appears to present a question of first impression. Under the Act, the Court must apply the guidelines in effect at time of sentence, unless to do so is constitutionally impermissible.

The Court concludes that under the circumstances of this case, the application of the amended guidelines violates the *ex post facto* clause of the Constitution. *See Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).

In *Miller*, the Supreme Court was confronted with a Florida sentencing statute and scheme that, while not identical to the federal Sentencing Reform Act, is remarka-

---

1. Although the statutory language is plain and requires no resort to legislative history, pertinent legislative history, makes clear that Congress intended for the courts to apply the guidelines in effect at the time sentence is imposed. *See* S.Rep. No. 98–225, 98th Cong.2d Sess. 77, *reprinted in* 1984 U.S.Code Cong. & Admin. News 3182, 3260. The Senate Report states: "The guidelines to be applied are those in effect at the time of sentencing. Use of guidelines ... since revised would only create significant administrative difficulties. To impose a sentence under outmoded guidelines would foster irrationality in sentencing and would be contrary to the goal of consistency in sentencing."

2. Congress contemplated that the Sentencing Commission would monitor the guidelines and proposed amendments to them from time to time. *See* U.S.Code Cong. & Admin.News, at 3260.

bly similar. Like the federal Sentencing Reform Act, the Florida statute provided for continuous review and revision of its sentencing guidelines. In Florida, sentencing guidelines in effect at the time Miller committed the crimes for which he was convicted resulted in a "presumptive" sentence of 3½ to 4½ years. Thereafter, the Florida legislature approved revised guidelines that increased the number of points assigned to sexual assault, an offense for which Miller was convicted. As a result of this revision, the presumptive sentencing range for Miller's crimes at the time of sentencing increased to 5½ to 7 years. The Florida trial court applied the guidelines in effect at time of sentence and imposed a seven-year sentence.

In reversing the decision of the Florida court, a unanimous Supreme Court held that the application of the revised guidelines to Miller, whose crimes occurred prior to the revision, violated the Ex Post Facto Clause of Article I of the U.S. Constitution.[3] Citing *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), the Court explained that two elements are required before a law violates the *ex post facto* prohibition, *viz.*, (1) the act "must be retrospective, that is, it must apply to events occurring before its enactment" and (2) "it must disadvantage the offender affected by it." *Miller*, 482 U.S. at 430, 107 S.Ct. at 2451. The ultimate inquiry in determining whether there is an *ex post facto* violation hinges upon whether the challenged law increases the quantum of punishment. *Dobbert v. Florida*, 432 U.S. 282, 294, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977).

The Sentencing Reform Act mandates this Court use a guideline range that would attach a sentence of far greater severity, even at its lowest end (87 months), than the highest guideline parameter (46 months) in effect at the time the defendant committed his offenses. As in *Miller*, applying the higher amended guidelines in the case at bar would (1) attach to conduct occurring

before the amendment, thereby giving them retroactive effect; and (2) significantly increase the quantum of punishment beyond what it was at the time the crimes were committed, to the disadvantage of the defendant. Therefore, both prongs required to bring the *ex post facto* clause into play are present here. The Supreme Court has instructed that "[t]he Constitution forbids the application of any new punitive measure to a crime already consummated, to the detriment or material disadvantage of the wrongdoer." *Lindsey v. Washington*, 301 U.S. 397, 401, 57 S.Ct. 797, 799, 81 L.Ed. 1182 (1937). *See also Watson v. Estelle*, 859 F.2d 105, 107 (9th Cir.1988).

It is of no moment that the Sentencing Reform Act permits the Court to depart from the guideline range under limited circumstances, 18 U.S.C. § 3553(b), or that the amended guideline range is less that the maximum sentence provided by law for unarmed bank robbery.[4]

■ The Court conceivably could depart upward and sentence the defendant to a term within the current, amended guideline range for bank robbery (87 to 108 months), yet it can only do so when there are objectively articulable aggravating factors not adequately considered by the Sentencing Commission, and the reasons for such departure are stated. 18 U.S.C. § 3553(b), (c)(2). These restrictions on a federal court's discretion are similar in effect to the limitations on a Florida judge's ability to depart from a "presumptive" sentence range under the Florida law involved in *Miller v. Florida, supra*. Under the Florida statute, a sentencing judge cannot depart from the presumptive sentencing range unless there exist clear and convincing reasons for the departure supported by facts proved beyond a reasonable doubt. Moreover, a sentence above the presumptive range is appealable; whereas there is no appeal if the sentence is within the presumptive range.

---

**3.** Art. I, Sec. 10 prohibits states from enacting *ex post facto* laws.

**4.** The maximum sentence for unarmed bank robbery is 20 years' imprisonment. In this case, if sentences were to be run consecutively, the maximum sentence is 80 years.

Although not identical, the federal Sentencing Reform Act makes a sentence outside of the guideline range subject to more meaningful appellate scrutiny, and such departure is only possible when it is based upon an articulated factor not adequately considered by the Sentencing Commission. In the case of the defendant before the Court, there are no such factors. Hence, the Court concludes that the defendant is "substantially disadvantaged" by the application of the higher guidelines. At a minimum, his right to meaningful appellate review of a sentence otherwise imposable only by an upward departure would be materially affected. See *Miller*, 482 U.S. at 432–33, 107 S.Ct. at 2452–53 (foreclosing Miller's ability to challenge on appeal the imposition of a sentence longer than his presumptive sentence under the old guideline range "substantially disadvantaged" him).

Lastly, cases upholding retroactive application of parole guidelines against *ex post facto* challenges (*e.g., Wallace v. Christensen*, 802 F.2d 1539 (9th Cir.1986) (*en banc*)) are inapposite. *Miller*, 482 U.S. at 434–35, 107 S.Ct. at 2453–54.

### CONCLUSION

For the foregoing reasons, the Court concludes that the provision of the Sentencing Reform Act requiring the Court to use the guidelines in effect at time of sentencing is, as applied to the defendant in this action, unconstitutional the Ex Post Facto Clause of the United States Constitution. Accordingly, the Court will not use the offense level and guideline range currently in effect for unarmed bank robbery. Rather the Court applies the offense level and sentencing range in effect when the defendant committed the offenses for which he stands convicted.