UNITED STATES of America, Appellee,

v.

Brian S. COLLAR, Appellant.

No. 89–2181.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 17, 1990.

Decided May 31, 1990.

Lee T. Lawless, St. Louis, Mo., for appellant.

Kathianne Crane, St. Louis, Mo., for appellee.

Before BOWMAN, WOLLMAN and BEAM, Circuit Judges.

BOWMAN, Circuit Judge.

Brian S. Collar was charged in a five count indictment and a one-count information with a total of five counts of unarmed bank robbery and one count of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) (1988). In a Stipulation of Facts Relevant to Sentencing, Collar admitted his participation in all six of the robberies. The Stipulation also makes brief reference to Collar's wife's role as the driver of the escape vehicle.

Collar entered pleas of guilty to three counts of unarmed bank robbery and to one count of armed bank robbery, in exchange for which the government dismissed the two remaining counts. On July 7, 1989, the District Court [1] sentenced Collar to 108 months of imprisonment to be followed by five years of supervised release.

On appeal to this Court, Collar argues that the District Court erred: (1) in assessing a two-level offense adjustment increase for Collar's aggravating role in the of-

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

fenses of conviction when there was no evidence to support such a finding; and (2) by including in the multiple-count adjustment offenses of which Collar was not convicted. We affirm.

### I.

■ Collar contends there was no evidence to support the District Court's two-level offense adjustment increase for Collar's aggravating role in the offenses. The District Court relied upon United States Sentencing Commission, *Guidelines Manual,* § 3B1.1(c) (Nov.1989) in assessing the two-level increase against Collar. This section states that "[I]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity ... increase by 2 levels." The Application Notes to § 3B1.1 elucidate:

> In distinguishing a leadership and organizational role from one of mere management or supervision, titles such as "kingpin" or "boss" are not controlling. Factors the court should consider include the exercise of decision-making authority, *the nature of participation in the commission of the offense*, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, *the nature and scope of the illegal activity*, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, comment. (n. 3) (emphasis added).[2] Whether Collar played an aggravating role in the offenses "within the meaning of 3B1.1(c) of the guidelines [is] a fact question for the district judge to resolve." *United States v. Herrera,* 878 F.2d 997, 1000 (7th Cir.1989). The relevant statute, 18 U.S.C. § 3742(e) (1988), provides that courts of appeals shall accept the district court's findings of fact in guideline cases unless they are clearly erroneous.

The District Court had before it the Presentence Report prepared by the Probation Office. This Report briefly discusses the role of Collar's wife in the offenses as the driver of the escape vehicle. It was Collar who entered the banks and demanded and received the money. We note that U.S.S.G. § 3B1.1, as amplified in the accompanying Commentary, employs a very broad definition of what constitutes a "leadership and organizational role." Upon consideration of the factors set forth in the Application Notes to § 3B1.1 heretofore quoted, the nature and scope of the robberies and the nature of Collar's participation therein, we cannot say the two-level increase was unwarranted. We therefore accept the District Court's resolution of this issue.

### II.

■ Collar claims that the District Court erred by including two dismissed counts in the offense level computation. In a rather convoluted argument, he argues that, pursuant to Sections 1B1.3(a)(1) and 3D1.1 and the Introductory Commentary to Part D of Chapter Three of the Guidelines, only the offense of conviction may be considered by a sentencing court in determining the appropriate guideline range. To the extent that there is any ambiguity or conflict between these sections and any other sections of the Guidelines, Collar urges this Court to apply the rule of lenity. This principle of statutory construction provides that this Court must "not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." *Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980) (quoting *Ladner v. United States,* 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199 (1958)).

---

2. U.S.S.G. § 1B1.7, entitled *Significance of Commentary,* states that, "Failure to follow [the] commentary could constitute an incorrect application of the guidelines, subjecting the sentence to possible reversal on appeal." The commentary to that section provides "that in seeking to understand the meaning of the guidelines courts likely will look to the commentary for guidance as an indication of the intent of those who wrote them. In such instances, the courts will treat the commentary much like legislative history or other legal material that helps to determine the intent of a drafter." U.S.S.G. § 1B1.7, comment.

However, "the 'touchstone' of the rule of lenity is 'statutory ambiguity.'" *Bifulco*, 447 U.S. at 387, 100 S.Ct. at 2252. "Where Congress has manifested its intention, we may not manufacture ambiguity in order to defeat that intent." *Id.* The relevant provision of the Guidelines, U.S.S.G. § 1B1.2(a) App. C, amends. 2, 73–75, states:

> The court shall apply the offense guideline section in Chapter Two (Offense Conduct) most applicable to the offense of conviction. *Provided,* however, in the case of conviction by a plea of guilty or *nolo contendere* containing a stipulation that specifically establishes a more serious offense than the offense of conviction, the court shall apply the guideline in such chapter most applicable to the stipulated offense. Similarly, stipulations to additional offenses are treated as if the defendant had been convicted of separate counts charging those offenses.

This section is unambiguous on its face and in no way contradicts other provisions of the Guidelines. On the contrary, it directs the sentencing court to treat a stipulated offense as an "offense of conviction," the very term upon which Collar bases his argument.

If there are lingering doubts as to the meaning of relevant Guidelines, they quickly are dispelled by perusing the Commentary following Section 1B1.2. Note 1 explains, in part, that "if the defendant pleads guilty to one robbery but admits the elements of two additional robberies as part of a plea agreement, the guideline applicable to three robberies is to be applied." U.S.S.G. § 1B1.2, comment. (n. 1) App. C, amend. 75. *See also United States v. Williams*, 879 F.2d 454, 456–57 (8th Cir. 1989) (conduct pertaining to dismissed counts may be considered in calculating adjustments to the base offense level under the Sentencing Guidelines). A sentencing court hardly could be given a more explicit directive.

In the present case, Collar entered a guilty plea to four robberies, but admitted the elements of two additional robberies in the Stipulation filed by the parties at the time of the plea proceedings. Pursuant to U.S.S.G. § 1B1.2(a), the District Court applied the guideline applicable to six robberies in calculating the appropriate offense level.[3] Legislative intent regarding the treatment of stipulated offenses could not be stated with greater clarity, and, in sentencing Collar, the District Court simply followed the plain language of the Guidelines.

### III.

For the reasons stated above, Collar's sentence is affirmed.

---

3. The effect of the inclusion of these two additional counts under U.S.S.G. § 3D1.4 was to add one offense level to Collar's total and to raise the sentencing range to 87 to 108 months from 78 to 97 months.