16 F.3d 1223
 74 A.F.T.R.2d 94-5458
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Max SALAS, Defendant-Appellant.
 No. 93-5897.
 United States Court of Appeals, Sixth Circuit.
 Jan. 27, 1994.
 
 Before: NELSON and BATCHELDER, Circuit Judges; and MATIA, District Judge*
 PER CURIAM.
 
 
 1
 Max Salas appeals the district court's sentence imposed following his guilty plea to a criminal information charging two counts of violation of 26 U.S.C. Sec. 7206(l). The government alleged therein that Salas made false statements on his personal income tax returns for tax years 1987 and 1988. The district court, after hearing evidence concerning the manner and means in which the offenses were committed, found that the offense level under the United States Sentencing Guidelines should be increased by two points for the use of "sophisticated means," pursuant to U.S.S.G. Sec. 2T1.3(b)(2) (1992). For the following reasons, we affirm.
 
 
 2
 * On November 19, 1992, Salas appeared before the district court to enter a plea of guilty to two counts of making false statements on two personal income tax returns by underreporting his taxable income to the Internal Revenue Service in violation of 26 U.S.C. Sec. 7206(1). The court finally accepted the plea on June 15, 1993. Salas acknowledged that during 1987 and 1988 he skimmed money from the proceeds of concessions he operated, including the beer concession for the Tennessee State Fair and the Nashville Speedway and various concessions at the monthly flea market held at the State Fairgrounds. Salas did not report the money he skimmed on his tax returns for 1987 and 1988.
 
 
 3
 At the sentencing hearing on June 15, 1993, Clifford Hargrove, an investigator with the Criminal Investigation Division of the Internal Revenue Service, testified that Salas concealed the true amount of the gross proceeds of his concessions by altering the various financial reports which were required by the State Fair Board. Two sets of records were maintained on the computer, and the assistance of a former Salas employee was required to access the records. Other records were in writing.
 
 
 4
 The controller hired by Salas testified that two sets of records were kept in the computer, one showing the full amount taken in and the other showing the amount remaining after Salas skimmed. The controller testified that although the computer spreadsheet program used by Salas was available at computer stores, it was not widely used in 1987 and 1988 and involved the use of a unique password to gain access to the records. Four different people had access to certain data they were working on, and each had his or her own password.
 
 
 5
 Based upon the evidence, the district court found that sophisticated means were used and accordingly assessed a two-level increase in the offense level under the Sentencing Guidelines. Salas was sentenced to ten months in custody, with the last five months to be spent in a community treatment center.
 
 II
 
 6
 Salas claims that U.S.S.G. Sec. 2T1.3(b)(2) is void for vagueness when applied to the facts of this case. Therefore, he argues, the district court should have applied the "rule of lenity." We do not agree.
 
 
 7
 Chapter Two, Part T of the Guidelines Manual covers offenses involving taxation. U.S.S.G. Sec. 2.T1.3(b)(2) (1992) provides as follows: "If sophisticated[1] means were used to impede discovery of the nature or extent of the offense, increase by 2 levels." Application Note 2 under Commentary provides as follows:
 
 
 8
 "Sophisticated means," as used in Sec. 2T1.3(b)(2), includes conduct that is more complex or demonstrates greater intricacy or planning than a routine tax-evasion case. An enhancement would be applied, for example, where the defendant used offshore bank accounts or transactions through corporate shells.
 
 
 9
 The doctrine of vagueness involves two due process concepts: (1) notice to an accused of conduct that is proscribed or required, and (2) the right of a citizen not to be the subject of arbitrary enforcement of laws regulating his or her conduct. The Sentencing Guidelines do not establish the illegality of any conduct. Rather, they are directives to judges and not to citizens. As such, they are not susceptible to a vagueness attack. Since there is no constitutional right to sentencing guidelines, the limitations placed on judges' discretion by the Guidelines do not violate a defendant's right to due process by reason of vagueness. United States v. Wivell, 893 F.2d 156, 159-60 (8th Cir.1990).
 
 
 10
 Although a number of courts[2] have applied the "rule of lenity"[3] to the Sentencing Guidelines, U.S.S.G. Sec. 2T1.3(b)(2) does not suffer from any such ambiguity as would trigger the application of the rule of lenity in this case. Its language is clear and provides a sufficient basis on which a trial court can make the necessary factual determination.
 
 III
 
 11
 The district court held a sentencing hearing at which the government and the defendant presented evidence. The court thereafter made a finding that sophisticated means were used and, accordingly, imposed a two-point enhancement of the offense level. Appellant claims the district court erred because there was no evidence to support the finding that sophisticated means were used. We do not agree.
 
 
 12
 The finding of a court in a guideline sentencing hearing is reviewed on appeal subject to the standard set forth in 18 U.S.C. Sec. 3742(e), which provides in pertinent part:
 
 
 13
 ... The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.
 
 
 14
 The facts elicited at the sentencing hearing amply support the district court's finding that sophisticated means were used. Those facts are reflected in this court's statement of facts and will not be repeated here. The district court's finding was not clearly erroneous.[4]
 
 
 15
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Salas repeatedly uses the term "unusually sophisticated." The word "unusually" does not appear anywhere in U.S.S.G. Sec. 2T1.3
 
 
 [2]
 United States v. Rivera, 996 F.2d 993 (9th Cir.1993); United States v. Lambey, 974 F.2d 1389 (4th Cir.1992); United States v. Collar, 904 F.2d 441 (8th Cir.1990)
 
 
 [3]
 The rule of lenity is said to provide that when there are two possible interpretations of a guideline, one of which would result in an increased sentence for a defendant, a court should adopt the interpretation which results in the lesser sentence
 
 
 [4]
 Even if the court had not found that sophisticated means were used, application of the lower offense level would still have produced a guideline range that would have encompassed the sentence of which Salas complains here