Matthew Horan, Fort Smith, Ark., and Jenniffer Morris Horan, Fayetteville, Ark., for appellants.

William M. Cromwell, Fort Smith, Ark., for appellee.

Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.

FAGG, Circuit Judge.

Mackel Earl Evans and Kenneth Wayne Hinds appeal their sentences for manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1) (1982). Evans and Hinds contend the district court committed error in arriving at their base offense level by using an approximation of the amount of methamphetamine they were capable of producing with the chemicals seized from their drug laboratory. *See* U.S.S.G. § 2D1.1(a)(3) (Oct.1987). We affirm.

Evans and Hinds argue the drug quantity relevant to their sentences for manufacturing is only the .0688 kilogram of methamphetamine they produced before their arrest. We disagree. The offense level for the manufacture of a controlled substance is determined by the quantity of the substance involved. *Id.* If the amount of drugs seized does not reflect the scale of the manufacturing offense, the sentencer must approximate the quantity of controlled substance that could have been produced by the laboratory involved in the offense. *Id.* § 2D1.1 commentary, application note 11 (Jan.1988) (incorporating application note 2 of the commentary to section 2D1.4 (Oct.1988)). Thus, the guidelines did not limit the district court's consideration to the .0688 kilogram of methamphetamine Evans and Hinds actually produced. We conclude the district court correctly considered evidence that Evans and Hinds were capable of producing approxi-

mately 22.5 kilograms of methamphetamine with the seized chemicals in determining their offense level.

Evans and Hinds also contend they were denied due process because the district court based its approximation of their manufacturing capability on the estimate of a state chemist contained in the presentence report when the chemist himself did not testify at the sentencing hearing. This argument lacks merit. Uncorroborated hearsay evidence contained in a presentence report may be considered by the sentencer provided the persons sentenced are given an opportunity to explain or rebut the evidence. *United States v. York*, 830 F.2d 885, 893 (8th Cir.1987) (per curiam), *cert. denied*, 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988). The sentencing transcript shows Evans and Hinds were given that opportunity and offered no disputing evidence. Further, the chemist's estimate was corroborated by the testimony of an experienced drug enforcement agent. The chemist's estimate was properly considered by the district court.

Having carefully considered Evans's and Hinds's arguments, we affirm their sentences.

United States Court of Appeals, Ninth Circuit.