UNITED STATES of America, Appellee,

v.

Leotis DUCKWORTH, Appellant.

No. 91–1029.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1991.

Decided Oct. 1, 1991.

Deborah Sallings, Little Rock, Ark., for appellant.

Lesa Bridges Jackson, Little Rock, Ark., for appellee.

Before JOHN R. GIBSON and LOKEN, Circuit Judges, and URBOM,* District Judge.

JOHN R. GIBSON, Circuit Judge.

Leotis Duckworth appeals his convictions of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 (1988), and of distribution of cocaine in violation of 21 U.S.C. § 841 (1988). On appeal, he argues that the district court: [1] (1) erred in denying his motion for acquittal

---

* The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska, sitting by designation.

1. The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

because there was insufficient evidence of a conspiracy to distribute cocaine; and (2) incorrectly calculated his sentence under the sentencing guidelines. We affirm.

## I.

■ Duckworth first argues that there was insufficient evidence of a conspiracy. He states that the evidence failed to show that an agreement existed between him and anyone else to violate the federal narcotics laws, that he was a member of a conspiracy, or that he knowingly participated in a conspiracy. He correctly states that in order to find that he knowingly participated in the conspiracy the government must show "some element of cooperation beyond mere knowledge of the existence of the conspiracy." *United States v. Garcia,* 785 F.2d 214, 225 (8th Cir.), *cert. denied,* 475 U.S. 1143, 106 S.Ct. 1797, 90 L.Ed.2d 342 (1986).

■ In determining whether there is a submissible issue of conspiracy, we consider the evidence in the light most favorable to the United States, giving it the benefit of all favorable inferences. *See Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. O'Connell,* 841 F.2d 1408, 1424 (8th Cir.1988), *cert. denied,* 488 U.S. 1011, 109 S.Ct. 799, 102 L.Ed.2d 790 (1989). An individual becomes a member of a conspiracy when he knowingly contributes his efforts to the conspiracy's objectives. *United States v. Bonadonna,* 775 F.2d 949, 957 (8th Cir.1985).

■ Here, substantial evidence of a conspiracy existed between Duckworth and Sara Southern to distribute crack cocaine. Evidence showed that Duckworth owned a bar called "Duck's Party Cafe" where drugs were openly sold. An unindicted co-conspirator, Terry Claiborn, testified that he sold crack for Duckworth from the bar. He testified that Southern and Charles Buchanan also sold drugs from the bar. Claiborn recalled one incident when Duckworth was in his bar "cutting up" cocaine and Southern was there "selling and serving" people cocaine. Calvin Moore testified that he purchased cocaine rocks from Southern

while she was with Duckworth, and that Southern received the crack from Duckworth. Moore also testified that he had seen Southern selling crack cocaine for Duckworth in his bar, that he had obtained crack on credit from Duckworth, and that he had seen Southern and Duckworth in Memphis together obtaining cocaine. Geneva Taylor Murphy testified that she had an arrangement with Duckworth whereby she "cooked" cocaine powder into rocks for Duckworth. Grant Long, Jr., also testified that he purchased crack cocaine from Southern outside Duckworth's bar. An investigator from the Arkansas State Police, Doug Thomas, testified that he bought crack cocaine from Southern out of Duckworth's bar and residence.

This evidence establishes beyond argument that Southern and Duckworth worked together on a regular and continuous basis and that Duckworth knowingly contributed his efforts to the objectives of the conspiracy, and is more than sufficient to sustain the jury verdict.

## II.

Duckworth next argues that the district court improperly calculated his sentence under the sentencing guidelines. Before sentencing, the Probation Office prepared a presentence report and calculated Duckworth's base offense level at 20. The government objected to the report, arguing that the total amount of drugs reflected in the report was less than was actually involved and that Duckworth's supervisory role merited an additional four level increase.

The district court fixed the amount of drugs between 20 and 35 grams, concluding that this was the amount of cocaine base for which a reasonable jury could have concluded Duckworth was responsible. The court thus fixed his base offense level at 28. The court also granted a three level increase based on Duckworth's leadership role in the offense.

Duckworth first argues that the district court erred in fixing the amount of drugs. Specifically, he argues the court erred by:

(1) considering the aggregate amount of drugs instead of the lesser amount charged in the indictment; (2) considering the sales of Sara Southern, as there was testimony that she received drugs from and sold drugs for persons other than Duckworth; and (3) basing the amount of drugs on incredible testimony.

■ We have held that a district court may approximate the quantities of controlled substances. *See United States v. Evans*, 891 F.2d 686, 687 (8th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 2170, 109 L.Ed.2d 499 (1990). The sentencing court is not limited by the amount seized and may sentence according to its estimation based on the trial testimony. *Id.* After review of the trial transcript, we are satisfied that there was sufficient evidence to support the district court's finding as to the quantities of crack sold by Duckworth. The district court's finding was not clearly erroneous.

■ Duckworth also argues that the district court improperly applied the sentencing guidelines when it enhanced his sentence based on his leadership role in the offense. There was evidence, however, that Duckworth supplied several mid-level drug dealers, including Claiborn, Murphy, Southern, Buchanan, and Moore, and that Duckworth had extended credit to at least some of these individuals for their drug purchases. The district court's finding that Duckworth played a leadership role in the offense is not clearly erroneous. *See United States v. Yerks*, 918 F.2d 1371, 1375 (8th Cir.1990).

We affirm the conviction and sentence.