UNITED STATES of America, Appellee,

v.

Audonis GRADY, Appellant.

No. 92–1507.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 5, 1992.

Decided Aug. 10, 1992.

James C. Delworth, St. Louis, Mo., for appellant.

Steven A. Muchnick, St. Louis, Mo., for appellee.

Before FAGG, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

While working at a bank, Audonis Grady stole postal money orders, which he and coconspirators altered. The coconspirators cashed the money orders, and Grady received about one-third of their value. Grady pleaded guilty to conspiracy to defraud the United States. Finding Grady was an "organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," the district court increased Grady's offense level for sentencing by four. U.S.S.G. § 3B1.1(a) (Nov. 1991). Grady appeals the district court's finding, contending he never controlled or organized his coconspirators.

We define the term "organizer or leader" broadly. *United States v. Blumberg*, 961 F.2d 787, 791 (8th Cir.1992). Grady may be an organizer or leader without having directly controlled his coconspirators. *United States v. Harry*, 960 F.2d 51, 54 (8th Cir.1992). In this case, Grady had sole access to the money orders, which were the essential ingredient of the crime. Grady's position allowed him to control the timing and amount of money orders stolen and altered during the conspiracy. *See United States v. Williams*, 902 F.2d 675, 678 (8th Cir.1990) (the possessor and controller of blank checks, the principal instrumentality of the crime, is an organizer or leader). Grady's role, which made him the person most responsible for the crime, was sufficient to make him an organizer or leader. *See Morphew v. United States*, 909 F.2d 1143, 1145 (8th Cir.1990); *United States v. Wagner*, 884 F.2d 1090, 1098 (8th Cir.1989), *cert. denied*, 494 U.S. 1088, 110 S.Ct. 1829, 108 L.Ed.2d 958 (1990). We conclude the district court's finding that Grady was an organizer or leader is not clearly erroneous. *See Blumberg*, 961 F.2d at 791.

Accordingly, we affirm.