977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Mackel Earl EVANS, Appellant,
v.
UNITED STATES of AMERICA, Appellee.
 No. 92-1120.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 15, 1992.
Filed: October 13, 1992.
 
 Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Mackel Earl Evans appeals the District Court's[1] decision denying his motion for relief under 28 U.S.C. § 2255 (1988). We affirm.
 
 
 2
 Evans was charged with four drug-related offenses. He pleaded guilty to one of those counts, manufacture of methamphetamine, and the three remaining counts were dropped. Further, the government agreed not to prosecute for Evans's continued attempts at drug manufacture that he made after he was arrested on the original charges, or for possession of automatic weapons found in a search of his home. Evans was sentenced to 235 months in prison on the manufacturing count, a charge that carried a statutory maximum of twenty years imprisonment. This Court affirmed Evans's sentence on direct appeal. United States v. Evans, 891 F.2d 686 (8th Cir. 1989), cert. denied, 495 U.S. 931 (1990).
 
 
 3
 Evans now contends that his guilty plea was not knowing and voluntary, a direct result, he says, of the ineffective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52, 56 (1985). Evans claims his plea was not voluntary because his counsel told him his sentence would be in the neighborhood of three years; Evans now asserts he would not have pleaded guilty had he known otherwise. Evans's counsel, however, testified at the section 2255 hearing that he told Evans before the change of plea hearing that his sentence could be eighteen to twenty-two years. Evans admittedly never spoke to anyone, counsel or the court, about withdrawing his guilty plea, even after he received and reviewed the presentence report indicating that the minimum sentence he could receive was 235 months. Evans also contends that counsel told him his wife and children would be charged if Evans did not plead guilty. Thus, according to Evans, he felt coerced to accept the plea and it was not voluntary. Counsel denied having told Evans any such thing.
 
 
 4
 The magistrate judge found Evans's testimony at the section 2255 hearing was not credible, and chose to credit the testimony of Evans's counsel. From the evidence before it, the court concluded that Evans's plea was knowing and voluntary. See Brady v. United States, 397 U.S. 742, 748 (1970). Evans did not demonstrate to the satisfaction of the court that there was a reasonable probability that he would not have pleaded guilty and would have proceeded to trial but for his counsel's conduct. See Estes v. United States, 883 F.2d 645, 647 (8th Cir. 1989).
 
 
 5
 We have reviewed the record in this case and agree with the conclusions set forth in the magistrate judge's report and recommendation and adopted by the District Court after de novo review. We affirm the denial of section 2255 relief. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Morris S. Arnold, United States District Judge for the Western District of Arkansas, adopting the findings and recommendations of the Honorable Beverly R. Stites, Magistrate Judge for the Western District of Arkansas. Judge Arnold has since been appointed to a seat on the United States Court of Appeals for the Eighth Circuit