UNITED STATES of America, Appellee,

v.

Gale Edwin REEDY, Appellant.

No. 93–3646.

United States Court of Appeals, Eighth Circuit.

Submitted July 25, 1994.

Decided Aug. 1, 1994.

Frank K. Carlson, Union, MO, for appellant.

Michael Reap, St. Louis, MO, for appellee.

Before FAGG, WOLLMAN, and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Gale Edwin Reedy appeals the upward adjustment of his guideline sentence. We affirm.

■ Reedy entered a plea of guilty to a charge of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B)(viii) and 846. The only issue Reedy raises on appeal is whether he should have received, in the course of the calculation of his guideline sentence, a three-level upward adjustment in offense level for being a manager or supervisor of the drug conspiracy. We apply a clearly erroneous standard of review to this factual finding. *United States v. Duckworth*, 945 F.2d 1052, 1054 (8th Cir.1991).

■ The applicable guideline, U.S.S.G. § 3B1.1(b), provides for a three-level increase "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants...." Appellant does not dispute that five or more individuals participated in the conspiracy.

This court has interpreted this guideline to encompass management or supervision of the "business" of the conspiracy. *See, e.g., United States v. Grady*, 972 F.2d 889 (8th Cir. 1992). The district court, as must this panel, applied this interpretation to the sentencing of Reedy.

Reedy contends that this was error. He points to application note 2 of the guideline, which became effective after he was sentenced, to support his contention that he must have supervised or managed "one or more participants." The note states:

To qualify for an adjustment under this section [USSG § 3B12.1(b)], the defendant must have been the ... manager or supervisor of one or more participants.

USSG § 3B1.1.(b), comment. (n. 2).

We reject Reedy's argument for two reasons. First, "[t]he court, in determining the particular sentence to be imposed, shall consider— ... (4) the kinds of sentence and the sentencing range ... that are in effect on the date the defendant is sentenced...." 18 U.S.C. § 3553(a)(4), *quoted in United States v. Manuel*, 912 F.2d 204, 207 (8th Cir.1990). Second, absent directions by the Guideline Commission to the contrary, "[t]he court shall use the Guidelines Manuel in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11.(a). Thus, the district court was correct.

Reedy contends that he does not seek retroactive application of an amended guideline but rather the application of a new explanatory note that defines the meaning of an unamended guideline. Given the holding in *Grady*, we find this to be an unpersuasive argument. Further, the district court, at least inferentially, found that Reedy supervised and managed both "one or more participants" in the conspiracy and the "business" of the conspiracy.

In regard to these determinations, we have examined the record and, contrary to appellant's contentions, we find ample evidence in support of the factual findings of the district court. It would serve no purpose to recount the evidence adduced at the sentencing hearing which supports the court.

Accordingly, finding no error of law or fact, we affirm. *See* 8th Cir.R. 47B.