46 F.3d 1135
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Mackel Earl EVANS, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-2779.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 26, 1995.
Filed: Feb. 8, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mackel Earl Evans pleaded guilty to manufacturing methamphetamine. At sentencing, the district court[1] arrived at his base offense level by approximating the amount of methamphetamine he and his codefendant were capable of producing with chemicals seized from their laboratory. We affirmed Evans's sentence on direct appeal. United States v. Evans, 891 F.2d 686, 687-88 (8th Cir. 1989), cert. denied, 495 U.S. 931 (1990). In 1994, Evans filed a motion under 18 U.S.C. Sec. 3582(c)(2) to reduce his sentence. He also moved for appointment of counsel. The district court[2] denied both motions and Evans appeals. We affirm.
 
 
 2
 Under section 3582(c)(2), a defendant who has been sentenced to a prison term based on a sentencing range that is subsequently lowered by the Sentencing Commission may ask the district court to reduce his term if the reduction is consistent with applicable policy statements. Evans argued that his sentence should be lowered based on a 1993 amendment to Application Note 1 of U.S.S.G. Sec. 2D1.1 that the Sentencing Commission made retroactive. See U.S.S.G. Sec. 1B1.10(d), p.s. (Nov. 1993). Section 2D1.1 provides that the weight of a controlled substance "refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." U.S.S.G. Sec. 2D1.1(c). The amendment provides that "mixture or substance" as used in section 2D1.1 does not include materials that must be separated from the controlled substance before the controlled substance can be used-such as the fiberglass in a cocaine/fiberglass bonded suitcase, beeswax in a cocaine/beeswax statue, and waste water from an illicit laboratory used to manufacture a controlled substance. U.S.S.G. Sec. 2D1.1, comment. (n.1) (Nov. 1993).
 
 
 3
 We agree with the district court that the amended commentary does not apply here, because the court did not calculate Evans's offense level based on the actual weight of a mixture containing methamphetamine as well as waste products. Rather, it estimated drug quantity based on laboratory capability because the amount of methamphetamine actually seized (.0688 kilograms) did not reflect the scale of Evans's offense. See Evans, 891 F.2d at 687 (where amount of drugs seized does not reflect scale of manufacturing offense, court must approximate quantity of controlled substance) (citing U.S.S.G. Sec. 2D1.1, comment. (n.11) (Jan. 1988) and U.S.S.G. Sec. 2D1.4, comment. (n.2) (Oct. 1988)).[3] We also conclude the district court did not abuse its discretion in denying Evans's motion for appointment of counsel. See Williams v. Groose, 979 F.2d 1335, 1337 (8th Cir. 1992) (per curiam). We reject Evans's remaining arguments as meritless or not properly before us.
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas
 
 
 [2]
 The district court adopted the report and recommendation of the Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas
 
 
 [3]
 These application notes were later combined in one note. See U.S.S.G. Sec. 2D1.1, comment. (n.12) (Nov. 1992) (where amount of drugs seized does not reflect scale of offense, court shall approximate quantity of controlled substance; in doing so, court may consider size or capability of any laboratory involved)