Dated March 12, 1996.

**Robert G. KIRKEBY, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civil No. A3–96–53.
Criminal No. C3–92–54.

United States District Court,
D. North Dakota.

Aug. 26, 1996.

---

Jeff Bredahl, Fargo, ND, for Petitioner.

Keith Reisenauer, Assistant U.S. Attorney, Fargo, ND, for Respondent.

### *MEMORANDUM AND ORDER*

WEBB, Chief Judge.

This matter comes before the court on Petitioner Robert G. Kirkeby's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. As directed

by this court, the United States has responded to the motion.

### Background

On August 6, 1992, Kirkeby was indicted on 46 counts of drug and money-laundering charges. In late 1992, Kirkeby pleaded guilty to one count of conspiracy to possess cocaine with the intent to distribute and one count of money laundering. The remaining counts were dismissed in exchange for his plea.

At the original sentencing on December 29, 1992, this court found Kirkeby's base offense level to be 28. Kirkeby was granted a reduction of three levels for his acceptance of responsibility. This court also applied an enhancement of two levels, pursuant to U.S.S.G. § 3B1.1(c), for Kirkeby's aggravating role in the offense, which brought the adjusted offense level to 27. The guideline range at that offense level is 70 to 87 months. Kirkeby was sentenced to 72 months.

The crux of Kirkeby's claim for relief involves the level of enhancement, pursuant to U.S.S.G. § 3B1.1, for his aggravating role in the offense. Section 3B1.1 provides that:

Based on the defendant's role in the offense, increase the offense level as follows:

(a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

(b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.

(c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

The United States' position at the original sentencing was that this court had only the option of enhancing by either three or four levels, under §§ 3B1.1(b) or (a) respectively, but not by two levels, as it did under § 3B1.1(c). However, this court, relying on the background comment to § 3B1.1, took the position that the criminal activity at issue "justifie[d] an aggravating role of two points, two levels rather than three." Sentencing Transcript at 22–23. The United States appealed the denial of an upward adjustment of three or four levels under §§ 3B1.1(b) or (a).

After argument on October 14, 1993, but before the circuit's decision on December 9, 1993, the commentary to § 3B1.1 was amended. Specifically, on November 1, 1993, the Sentencing Commission added commentary note 2 to § 3B1.1 (amend. 500), to resolve a circuit split over whether control of another participant is required for § 3B1.1 to apply.[1] The note reads:

2. To qualify for an *adjustment* under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. An *upward departure* may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization.

U.S.S.G. § 3B1.1 commentary n. 2, app. C, amend. 500 (emphasis added). The 1993 amendment explains that an increased sentence may be warranted in either case where a defendant controlled the people or the assets of a criminal enterprise, though an adjustment (as opposed to an upward departure) is the appropriate vehicle only for those defendants who controlled people.

In its decision issued on December 9, 1993, the Eighth Circuit, apparently unaware of Amendment 500, concluded that "the sentencing guidelines consider any criminal activity with five or more participants to be extensive as a matter of law." *United States*

---

1. The circuits were divided into two camps regarding the proper application of § 3B1.1 and its subparts. Section 3B1.1(b) was being read as either the defendant had to be (1) a manager or supervisor of five or more participants in a criminal enterprise, or (2) a manager or supervisor of a criminal enterprise that involved five or more

participants. The Eighth Circuit had been among the latter camp, having held that a defendant need not have "directly controlled his co-conspirator" in order for a § 3B1.1 adjustment to apply. *United States v. Grady,* 972 F.2d 889 (1992).

*v. Kirkeby,* 11 F.3d 777, 778 (8th Cir.1993). The court remanded for resentencing, holding that a sentencing court's only options in cases involving a criminal activity with five or more participants are "a four-level enhancement under § 3B1.1(a), a three-level enhancement under § 3B1.1(b), or no enhancement at all." *Id.*

At resentencing, on February 25, 1994, this court gave Kirkeby one additional level (for a total increase of 3 levels) for his aggravating role in the offense, increasing his sentencing range from 70 to 87 months to 78 to 97 months. Kirkeby was sentenced to 78 months. Kirkeby immediately appealed, claiming that this court should have departed under U.S.S.G. § 5K2.0, for circumstances not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. The Eighth Circuit affirmed, concluding that since Kirkeby had "rais[ed] this argument for the first time on appeal" this court's failure to consider departure *sua sponte* did not amount to plain error. *United States v. Kirkeby,* 27 F.3d at 572.

On April 10, 1996, Kirkeby filed this § 2255 motion alleging that his counsel's failure to raise the issue of Amendment 500 at his February 25, 1994, resentencing denied him his Sixth Amendment right to effective assistance of counsel. Though Kirkeby's appeal for relief raises an interesting academic presentation, the court denies his § 2255 motion.

### Analysis

Almost two years after Amendment 500 became effective, it was construed by the Eighth Circuit in *United States v. McFarlane,* 64 F.3d 1235, 1238 (8th Cir.1995). In that case the court noted that the difference between "adjustment" and "departure" as worded in comment 2 is "not inconsequential." *Id.* at 1239. The resulting operation of § 3B1.1 in the Eighth Circuit is as follows:

"If the sentencing court concludes that a defendant has managed or supervised one or more participants in a criminal enterprise involving five or more total participants, an adjustment is mandated—*the court must enhance* the defendant's sentence by three levels (citations omitted).

If, on the other hand, the sentencing court concludes that the defendant has merely exercised a managerial role over the property, assets, or activities of a criminal enterprise involving five or more participants, *the court is possessed of a certain degree of discretion* regarding the enhancement of the defendant's sentence— 'an upward departure may be warranted.' " Amendment 500 (emphasis added).

*Id.*

Kirkeby argues that because he was found to have only supervised or managed the assets of the operation, and the amendment became effective between the time of argument and decision of the first appeal, he should not have been given a three level enhancement under § 3B1.1. In fact, he argues that he would not have been given any enhancement at all, resulting in base level 25. The court disagrees.

### I. Ineffective Assistance of Counsel

Section 2255 sets forth four grounds upon which a federal prisoner may base a claim for relief: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack.

▬▬▬ Kirkeby starts far behind in his quest for relief under § 2255 because in his direct appeal of his February 25, 1994 resentencing he failed to raise the argument that Amendment 500 applied to him. The Supreme Court has repeatedly emphasized that § 2255 is not a substitute for direct appeal. *See, e.g., United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982); *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979). However, violations of specific constitutional rights, like Kirkeby's Sixth Amendment claim, are clearly remediable under § 2255. *Brown v. United States,* 656 F.2d 361, 362 (8th Cir.), *cert denied,* 454 U.S. 1059, 102 S.Ct. 611, 70 L.Ed.2d 598 (1981). Although Kirkeby's argument that the amended guidelines apply to him faces the

obstacle of being procedurally barred, an ineffective assistance of counsel claim is one exception to this rule. *United States v. Dubray*, 727 F.2d 771, 772 (8th Cir.1984) (reasoning that by its very nature such a claim normally cannot be advanced without the development of facts outside the original record). Thus, Kirkeby's ineffective assistance of counsel claim is "properly raised first in a [§ 2255] collateral proceeding." *United States v. Ford*, 918 F.2d 1343, 1350 (8th Cir.1990).

■ To prevail on his Sixth Amendment ineffective counsel claim, Kirkeby must show that 1) his attorney's performance "fell below an objective standard of reasonableness," and 2) his counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). This court "'must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of the counsel's conduct'." *Auman v. United States*, 67 F.3d 157, 162 (8th Cir.1995) (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2065). Doing so, this court finds that Kirkeby's claim fails the first prong of the *Strickland* test. The court is of the view that the performance of Kirkeby's counsel did not fall below an objective standard of reasonableness, as his counsel was no more deficient than the district court or three appellate judges in keeping apprised of Amendment 500. *Cf. United States v. Blue Thunder*, 604 F.2d 550, 554 (8th Cir.1979) (stating that "[t]he exercise of reasonable professional judgment, even when hindsight reveals a mistake in that judgment, does not render a lawyer ... lacking in competence in rendering his services."). Further, *McFarlane*, the case that reversed the Eighth Circuit's position on § 3B1.1's application, was not even decided until nearly two years after the amendment. Thus, *Grady* still governed the application of § 3B1.1 in this circuit during the time of Kirkeby's appeal. *See* fn. 1, *supra; see also United States v. Reedy*, 30 F.3d 1038, 1039 (8th Cir.1994) (relying on *Grady* and refusing to apply Amendment 500 as a clarification of the meaning of § 3B1.1).

## II. Nonconstitutional Claims

Kirkeby's appeal for relief is not limited to his Sixth Amendment claim, as federal prisoners may still have narrow grounds of relief available by alleging nonconstitutional violations if a constitutional violation cannot be established. *See Davis v. United States*, 417 U.S. 333, 345, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974) (stating that courts entertaining collateral attacks on convictions are not confined to "claims of constitutional dimension."). However, the Supreme Court has narrowly confined the scope and availability of collateral attack for claims that do not allege constitutional or jurisdictional errors. *See Addonizio*, 442 U.S. at 184–85, 99 S.Ct. at 2239–40 (limiting the availability of collateral attack for nonconstitutional, nonjurisdictional errors because direct appeal provides prisoners with a proper forum for correcting these errors). Nonconstitutional violations warrant relief only if they fall into two well established exceptions: The claims must 1) involve "exceptional circumstances" causing a "complete miscarriage of justice," *Stone v. Powell*, 428 U.S. 465, 477, 96 S.Ct. 3037, 3043, 49 L.Ed.2d 1067 (1976), or 2) establish "cause" for the procedural default and "actual prejudice" to the defendant, *Frady*, 456 U.S. at 165, 102 S.Ct. at 1593.

■ Kirkeby argues that his claim meets the "cause and prejudice" standard, which requires that Kirkeby "must show both (1) 'cause' excusing his procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Frady*, 456 U.S. at 167–68, 102 S.Ct. at 1593–94. Here, too, Kirkeby fails the first prong. It is well established that attorney error short of ineffective assistance of counsel does not constitute 'cause' and will not excuse a procedural default. *See McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1990) (citing to *Murray v. Carrier*, 477 U.S. 478, 486, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (stating that "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.")). Since Kirkeby was represented by counsel whose performance has been determined to not be

constitutionally ineffective under the *Strickland* standard, there is no inequity in requiring him to bear the risk of attorney error that results in a procedural default. *Id.* 477 U.S. at 487, 106 S.Ct. at 2644.

Kirkeby's procedural default also is not excused by the "exceptional circumstances" exception. Regarding claims involving a sentencing court's failure to properly apply the Sentencing Guidelines that are neither constitutional or jurisdictional, this court joins several other circuit courts in holding that, absent a complete miscarriage of justice, such claims will not be considered on a § 2255 motion where the defendant failed to raise them on direct appeal. *See, e.g., United States v. Faubion,* 19 F.3d 226, 232–33 (5th Cir.1994) (holding that an erroneous upward departure under sentencing guidelines was not a "miscarriage of justice"); *Knight v. United States,* 37 F.3d 769, 773 (1st Cir.1994) (holding that a misapplication of the sentencing guidelines does not amount to a "complete miscarriage of justice"); *United States v. Schlesinger,* 49 F.3d 483, 484–86 (9th Cir. 1994) (acknowledging that nonconstitutional sentencing errors may not be reviewed under § 2255 with possible exception for errors not discoverable at time of appeal); *Scott v. United States,* 997 F.2d 340, 341–42 (7th Cir.1993) (holding that an erroneous criminal history score under sentencing guidelines was not subject to collateral attack); *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992) (holding that an error in technical application of sentencing guidelines was not subject to collateral attack). Further, in those cases, like the instant case, the alleged errors resulted in, at most, small increases in the sentence. *See, e.g., Knight,* 37 F.3d at 773 (finding that even if the error was corrected, the new sentencing range would still include the existing sentence).

The court does not suggest, however, that misapplication of the Sentencing Guidelines could never constitute "exceptional circumstances" warranting collateral relief despite procedural default. *See United States v. Maybeck,* 23 F.3d 888, 894 (4th Cir.1994) (granting § 2255 relief to defendant improperly classified as a career offender despite his procedural default because the correct range did not encompass the sentence imposed). Kirkeby's situation, however, can be distinguished from *Maybeck* because even if his sentence is vacated and the new amendment applied, the new sentencing range would still include his current sentence of 78 months. Two factors support this proposition. First, since § 3B1.1 departures are "encouraged" by the Sentencing Commission,[2] this court would have made an upward departure from Kirkeby's adjusted base level 25.[3] Second, this court previously indicated that it thought an upward departure of two levels was appropriate for Kirkeby's role in the offense.[4] Therefore, even under Amendment 500, a two level upward departure would have netted a base level 27, which has a sentencing range of 70–87 months. Kirkeby's sentence is within that range, and thus his claim for collateral relief is distinguishable from *Maybeck,* and does not give rise to "exceptional circumstances" resulting in a

2. The guidelines refer to two types of departure: the guided and the unguided. *See* U.S.S.G. Ch. 1 Pt. A § 4(b). Guided departures "follow suggestions by the Sentencing Commission (usually made in application notes) about situations in which a departure 'may be warranted'." *United States v. Patasnik,* 89 F.3d 63, 70 (2d Cir.1996). The Commission intends district courts to follow these suggestions. U.S.S.G. Ch. 1 Pt. A § 4(b). The court is in agreement with the First Circuit, which held that § 3B1.1 departures are "clearly encouraged by the Commission." *United States v. Cali,* 87 F.3d 571, 580 (1st Cir.1996). The court reaches this conclusion despite the dicta in *McFarlane* which characterized § 3B1.1 departures as the "exception" to the rule, only to be imposed in the "extraordinary case." *McFarlane,* 64 F.3d at 1238.

3. Assuming arguendo that the court applied Amendment 500 at Kirkeby's resentencing, Kirkeby's adjusted base level, prior to any departure, would be 25 (base level 28 minus 3 levels for acceptance of responsibility). Even an upward departure of 1 level, netting a base level of 26 and sentencing range of 63 to 78 months, would still find the new sentencing range to include the existing sentence.

4. This court stated at resentencing, "I believed then and I believe now that aggravating roles at that level were proper ..." (2 levels). Resentencing Transcript at 6.

"complete miscarriage of justice." His procedural default is not excused.

■ Finally, with the two nonconstitutional claims dismissed, the court also dismisses the argument that the Guidelines are "laws," so that a sentence resting on a misapplication of the Guidelines is "imposed in violation of the ... laws of the United States." 28 U.S.C. § 2255. Though the Supreme Court has never squarely ruled on whether the Sentencing Guidelines are laws, "[t]wice the Supreme Court has analogized the Sentencing Commission to an administrative agency, and the guidelines to regulations." *See Scott v. United States,* 997 F.2d 340, 341 (7th Cir.1993). Accordingly, the court is of the view that its failure to take Amendment 500 into account at Kirkeby's resentencing does not constitute a "violation of the ... laws of the United States."[5]

The court denies relief because, at its core, this § 2255 motion reflects an argument over semantics, and an argument over only one sentencing level. Moreover, the court is of the view that Kirkeby received competent counsel, his nonconstitutional claim is procedurally barred, and the sentence reflects the conduct.

### Conclusion

For the reasons discussed above, petitioner Robert Kirkeby's motion pursuant to 28 U.S.C. § 2255 (crim. doc. # 239) is **DENIED.**

IT IS SO ORDERED.

---

**5.** The court also disposes of the argument that by failing to take Amendment 500 into account, Kirkeby's "sentence was in excess of the maximum authorized by law." *See Scott,* 997 F.2d at 341 (ruling that "[a] claim that the judge misapplied the Sentencing Guidelines does not challenge the jurisdiction of the court or assert that the judge exceeded the statutory maximum.").