# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-1794WM

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| David McCoy, also known as Thomas | * | |
| M. Miller, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: September 22, 1998
Filed: October 7, 1998

———————

Before McMILLIAN, HEANEY, and FAGG, Circuit Judges.

———————

PER CURIAM.

After David McCoy pleaded guilty to bank fraud, the district court sentenced him to imprisonment for thirty-three months. McCoy appeals his sentence asserting the district court abused its discretion in departing upward from the otherwise applicable sentence based on "reliable information indicat[ing] that the [defendant's] criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S. Sentencing Guidelines Manual § 4A1.3 (1997). In departing upward, the district court could consider some of McCoy's earlier convictions that were excluded from his

criminal history because of their age.  See United States v. Andrews, 948 F.2d 448, 449 (8th Cir. 1991).  Likewise, consideration of some of McCoy's earlier arrests and juvenile adjudications was permissible.  See United States v. Joshua, 40 F.3d 948, 953 (8th Cir. 1994).  We conclude the district court did not abuse its discretion in deciding McCoy's criminal history score significantly underrepresents the seriousness of his past criminal conduct.  McCoy complains that the district court failed to proceed along the Guidelines criminal history axis in deciding the extent of the departure, but the district court's findings sufficiently explained and supported the departure in this particular case.  See United States v. Collins, 104 F.3d 143, 145 (8th Cir. 1997).  McCoy next asserts the district court committed clear error in enhancing his sentence for his role as an organizer or manager in his offense.  See Guidelines § 3B1.1.  The definition of an organizer or leader is broad, and a defendant may be an organizer or leader without having any direct control over others.  See United States v. Grady, 972 F.2d 889, 889 (8th Cir. 1992) (per curiam).  Having thoroughly reviewed the issue, we conclude the district court did not commit clear error in finding McCoy was an organizer or manager under § 3B1.1.  We thus affirm McCoy's sentence.

HEANEY, Circuit Judge, concurring in part and dissenting in part.

While I concur in the result reached by the majority with respect to McCoy's criminal history, because the record does not support the district court's determination that McCoy was an organizer, leader, manager, or supervisor under the standard set forth in the U.S. Sentencing Guidelines Manual § 3B1.1(c) (1997), I respectfully dissent.

A district court's determination of a defendant's role in the offense is reviewable for clear error.  See United States v. Guerra, 113 F.3d 809, 820 (8th Cir. 1997); United States v. Johnson, 47 F.3d 272, 277 (8th Cir. 1995).  In determining whether to enhance a defendant's sentence under § 3B1.1 of the guidelines, the sentencing court should consider such factors as "the exercise of decision making authority, the nature

of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." Guidelines § 3B1.1, comment. (n. 4) (1997).

On August 21, 1997, the parties filed a plea bargain agreement in which the government agreed not to seek a managerial adjustment under §§ 3B1.1 or 3B1.2. Similarly, on December 2, 1997, the probation office prepared McCoy's pre-sentence investigation report and did not recommend a managerial adjustment. McCoy's sentencing hearing took place on March 5, 1998. The district court imposed an upward adjustment for both McCoy's criminal history and his managerial role, even though the district court had previously only provided notice that it was considering an upward departure based on criminal history.

While I have no objection to the district court's imposition of an adjustment for McCoy's criminal history, I find no support in the record to sustain the managerial adjustment. Because McCoy pled guilty, no trial established the facts necessary to find McCoy's managerial role in the offense beyond a reasonable doubt. Instead, the district court adopted the factual findings of McCoy's presentence report and heard the brief testimony of Jane Thomason, the probation officer who completed McCoy's pre-sentence report. Thomason's testimony was based on conversations with McCoy and the other defendants who participated in the offense. She testified that:

> Both Mr. Couples and Mr. Collins told me that Mr. McCoy is the one that explained to them how they could make money from some blank checks they had found. He told them how to open accounts and to use checks from other new accounts to deposit into the original account and how to avoid detection.

(Sentencing Tr. at 5.) She also testified that McCoy told Collins that they could open an account in Collins' name and use it to withdraw funds but that the account would be "leveled out" and Collins would not be discovered as being responsible for withdrawing the funds. See id.

Even if McCoy was a full participant in this scheme, the record--here the pre-sentence report and brief testimony of Thomason--does not support the conclusion that McCoy was an organizer, leader, manager, or supervisor. First, nothing suggests that McCoy had decision-making authority in the scheme. Second, aside from the initial discussion regarding the method by which the checks could be used, the nature of McCoy's participation in the commission of the offense was unremarkable. Moreover, Collins procured the checks, kept them in his bedroom closet, and performed the first transaction with them. Third, nothing in the record suggests that McCoy recruited accomplices. In fact, the majority of those involved in the scheme appear to have been friends of, if not recruited by, Collins. Fourth, McCoy did not claim a right to a larger share of the fruits of the crime. Each transaction appears to have been independent of the others with each individual trying to defraud a particular institution. Fifth, McCoy did not participate any more than the others involved in the scheme. While the scheme took place from November 1995 through January 1996, McCoy's participation appears to have been limited to two transactions on December 11th and one attempted transaction on December 12th. Sixth, the nature and scope of the scheme was minor, involving several transactions by as many as seven individuals. Finally, there is no indication that McCoy exercised any control or authority over the others involved in the scheme.

The only facts supporting McCoy's managerial role in the offense are the two transactions on December 11th; one attempted transaction on December 12th; and the fact that McCoy described how Collins' checks could be used to obtain money fraudulently. In my view, this is insufficient to support a finding that McCoy was an organizer, leader, manager, or supervisor under § 3B1.1(c). Consequently, I would

reverse and hold that the district court committed clear error when it imposed the two-level enhancement for McCoy's managerial role in the offense.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.