# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2827
_____

| | | |
|---|---|---|
| Kenneth Wayne Hinds, | * | |
| | * | |
| Appellant, | * | Appeal from the Untied States |
| | * | District Court for the Western |
| v. | * | District of Arkansas. |
| | * | |
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: January 21, 2003

Filed: January 28, 2003
_____

Before BYE, FAGG, and RILEY, Circuit Judges.
_____

PER CURIAM.

In December 1989, we affirmed Kenneth Wayne Hinds's sentence after he pleaded guilty to manufacturing methamphetamine and was sentenced to 235 months imprisonment. See United States v. Evans, 891 F.2d 686 (8th Cir. 1989), cert. denied, 495 U.S. 931 (1990). Later, in May 2002, after filing multiple unsuccessful motions for postconviction relief, Hinds brought a motion for resentencing under 18 U.S.C. § 3582, arguing a retroactive amendment to the Sentencing Guidelines prohibited using certain admissions he made at his guilty-plea hearing as "stipulations" for the

purpose of determining his Guidelines range. The district court[*] denied the motion.

On appeal, Hinds identifies Amendment 613 as the basis for his requested relief. Contrary to Hinds's viewpoint, section 3582(c)(2) does not authorize the requested relief because Amendment 613–even applied retroactively–would not have lowered Hinds's sentencing range. Amendment 613 limited the use, in sentencing, of stipulations that establish a more serious offense than the offense of conviction. See U.S.S.G. § 1B1.2(a) (1989) ("in the case of conviction by a plea of guilty or nolo contendere containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section in Chapter Two most applicable to the stipulated offense"); U.S.S.G. App. C Supp. Amendment 613 (2001) ("A factual statement or a stipulation contained in a plea agreement . . . is a stipulation for purposes of [§ 1B1.2(a)] only if both the defendant and the government explicitly agree that the factual statement or stipulation is a stipulation for such purposes . . . ."). There was no stipulation in Hinds's case; rather, the record shows the district court made its determinative sentencing findings over Hinds's objection.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[*]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.